IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEYUMBA K. WEBB | § | |
| VS. | § | CIVIL ACTION NO. 1:17cv199 |
| RACHEL CHAPA | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Leyumba K. Webb, an inmate incarcerated within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the petition for writ of habeas corpus be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

For sentencing purposes, petitioner was determined to be career offender as defined in § 4B1.1 of the United States Sentencing Guidelines. He contends that based on recent decisions from the Supreme Court and the United States Court of Appeals for the Fifth Circuit, he should no longer be considered a career offender. The Magistrate Judge concluded this ground for review was not cognizable in a Section 2241 petition because it was a challenge to petitioner's sentence, rather than a claim that he was convicted for conduct that does not constitute a crime.

In his objections, petitioner contends the government does not contend in all cases that a challenge to a sentence may not be raised in a Section 2241 petition and cites two cases from courts of appeals other than the Fifth Circuit which permit challenges to sentences to be raised in Section 2241 petitions.

The Fifth Circuit has held that a claim of actual innocence of a career offender enhancement is not properly raised in a Section 2241 petition because the prisoner is claiming actual innocence of the enhancement rather than the crime he was convicted of committing. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2010); *Morrison v. Chapa*, 598 F. App'x 272 (5th Cir. 2015); *Miller v. Rivera*, 577 F. App'x 258, 259 (5th Cir. 2014). Regardless of the government's position or decisions from other courts of appeals, this court is bound by decisions of the Fifth Circuit. As a result, the Magistrate Judge correctly concluded petitioner's ground for review could not be asserted in a Section 2241 petition.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

So **ORDERED** and **SIGNED** this **21** day of **July, 2017.**

_____
Ron Clark, United States District Judge